IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Chavarria,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV 06-221-TUC-FRZ<br><br>**ORDER** |

## I. BACKGROUND

Pending before the Court is Plaintiff's Motion for Summary Judgment pertaining to the denial of disability benefits by the Administrative Law Judge ("ALJ") in his case. Also pending before the Court is Defendant's Cross-Motion for Summary Judgment regarding the same denial of disability benefits.

United States Magistrate Judge Hector C. Estrada issued a Report and Recommendation on February 25, 2008. In that Report and Recommendation, Magistrate Judge Estrada recommended granting Plaintiff's Motion for Summary Judgment in part to the extent the case is remanded for further proceedings, and denying Defendant's Cross-Motion for Summary Judgment. The Report and Recommendation indicated that any party could file written objections to the R & R within 10 days. Plaintiff filed one brief objection on March 7, 2008. Defendant did not file any objections and the time for filing objections has expired.

## II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the R & R.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the unobjected-to portions of the R & R.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. DISCUSSION OF PLAINTIFF'S ONE OBJECTION[1]

### A. Plaintiff's Objection

Plaintiff's only objection to the Report and Recommendation is that it excludes, upon remand to the ALJ for further proceedings, the opinion offered by Nurse McVay regarding Plaintiff's mental issues.  Plaintiff generally argues that the mental assessment offered by Nurse McVay is highly relevant and that the failure to offer this evidence earlier in the proceedings (i.e., before the ALJ or the Social Security Appeals Council) was justifiable as Nurse McVay only began treating his preexisting mental conditions after the administrative proceedings concluded.  The Court does not find Plaintiff's position persuasive. The Report and Recommendation properly resolved the issue and stated in relevant part:

> The Court has jurisdiction to remand matters to the Commissioner for consideration of newly discovered evidence.  42 U.S.C. § 405(g).  Defendant argues that the Court should not remand this matter to the Commissioner for consideration of Nurse McVay's May 4, 2006 mental assessment.
> The November 18, 2005 "Notice of Decision – Unfavorable" contained information concerning how to appeal the ALJ's decision including the direction that "any new evidence" should be submitted to the Appeals Council with Plaintiff's request for review.  (TR. 11) The Appeals Council received additional evidence consisting of a memorandum from Plaintiff's counsel dated January 13, 2006.  (TR. 9) On March 7, 2006, the Appeals Council entered its Notice of denial of Plaintiff's request for review of the ALJ's decision. (TR. 6-8)   On May 4, 2006, Plaintiff filed the instant court action.  Thereafter, on May 16, 2006, Plaintiff submitted to the Appeals Council Nurse McVay's May 4, 2006 mental assessment indicating that the document was "important as additional evidence for either review by the Federal District Court or Remand."  (TR. 5-A) It is undisputed that Nurse McVay's May 4, 2006 mental assessment was not presented while Plaintiff's case was pending before either the ALJ or the Appeals Council.  (Defendant's XMSJ, p. 3;

---

[1] As Magistrate Judge Estrada's Report and Recommendation throughly discussed the relevant facts and law, the Court will not repeat that entire discussion; rather, the Court will only discuss the narrow issues specifically raised by Plaintiff's objection.

      Plaintiff's Response, p.3) Thus, Nurse McVay's mental assessment, which was submitted after initiation of the instant action, is new evidence.

      The Court may remand a case to the Commissioner for consideration of new evidence when the plaintiff demonstrates that there is: (1) new evidence that is material; and (2) good cause exists for his failure to incorporate that evidence into the administrative record. *Sanchez v. Secretary,* 812 F.2d 509, 511 (9th Cir. 1987) (*citing Allen v. Secretary,* 726 F.2d 1470, 1472 (9th Cir. 1984)); 42 U.S.C. § 405(g)).

      Plaintiff alleged mental problems at the time of the hearing before the ALJ. Plaintiff provides no explanation why he did not obtain the mental assessment earlier.

      With regard to the good cause requirement, "[i]f new information surfaces after the [Commissioner's] final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *Key v. Heckler,* 754 F.2d 1545, 1552 (9th Cir. 1985). However, "[a] claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied...The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim." *Clem,* 894 F.2d at 332 (*citing Key,* 754 F.2d at 1551). The Ninth Circuit has not found good cause and, thus, has declined to remand cases for consideration of new evidence where, like here, the plaintiff offered no reason why he could not have obtained the evidence earlier. *Id.* at 332-333 (*citing Key,* 754, F.2d at 1551; *Allen,* 726 F.2d at 1473). Specifically, in *Key*, the Ninth Circuit opined that "the obvious explanation is that when Key failed to succeed on his disability claim...he sought out a new expert witness who might better support his position. The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'" *Key,* 754 F.2d at 1551 (*quoting Allen,* 726 F.2d at 1473); *see also Clem,* 894 F.2d at 332-333 (no good cause to remand in case that was "analogous to the one analyzed by us in *Key*..."). Because Plaintiff herein offers no explanation why the evidence could not have been obtained earlier for use by the Commissioner, Plaintiff failed to meet the good cause requirement. *Id.* Consequently, remand for consideration of Nurse McVay's report is not appropriate in this case.

*See* Report and Recommendation at 23-25. As the Court agrees that Plaintiff has not shown good cause, Plaintiff's objection is denied.

**B. The Remaining Issues**

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Estrada's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Estrada's Report and Recommendation (Doc. #22) is **accepted and adopted**.

(2) Plaintiff's Motion for Summary Judgment (Doc. #14) is **granted in part and denied in part**. The Motion is granted to the extent that Plaintiff seeks remand for further proceedings; the Motion is denied to the extent Plaintiff seeks remand for an immediate payment of benefits.

(3) Defendant's Cross-Motion for Summary Judgment (Doc. #17) is **denied**.

(4) This matter is **remanded for further proceedings consistent with the Report and Recommendation**.

(5) The **Clerk of the Court shall enter judgment accordingly** and **close the file in this matter**.

DATED this 31st day of March, 2008.

FRANK R. ZAPATA
United States District Judge